```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

JOHN P. CULLINAN,              )
          Plaintiff,           )
                               )
     v.                        )    CIVIL ACTION NO. 11-10593-JLT
                               )
MENTAL HEALTH MANAGEMENT       )
CORRECTIONAL SERVICES, INC.,   )
          Defendants.          )
```

                      MEMORANDUM AND ORDER

TAURO, D.J.

On February 25, 2011, Plaintiff John P. Cullinan ("Cullinan"), a prisoner in custody at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed a self-prepared civil rights Complaint for Damages and Injunctive Relief under, *inter alia* 42 U.S.C. § 1983, alleging deliberate indifference with respect to the refusal to administer pain medication to him.  See Cullinan v. UMass. Medical School, et al., Civil Action No. 11-10357-MLW.[1]

Thereafter, on April 4, 2011, Cullinan filed the instant civil rights action under, *inter alia*, 42 U.S.C. § 1983, against numerous prison medical staff and prison officials with respect to his past mental health care.  The Defendants include: (1) Mental Health Management Correctional Services, Inc. ("MHM")[2]; (2) George Johns, Regional Vice President; (3) CEO Nancy Dizio; (4) Unknown Director of Clinical Programs; (5) Charlotte

---

[1]Chief Judge Wolf appointed *pro bono* counsel for Cullinan.

[2]MHM is the contractual mental health care provider for inmates in the custody of the Massachusetts Department of Correction.

Sullivan, social worker; (6) Linda Bachman, Nurse Practitioner; (7) UMass Correctional Health Services; (8) Unknown Director of Health Services; (9) Harold W. Clarke, former Commissioner of Corrections; and (10) James Saba, Deputy Superintendent of North Central Correctional Institution ("NCCI Gardner").

Cullinan contends that on or about September 29, 2009, while in custody at NCCI Gardner, he was placed in administrative segregation, having been diagnosed with Bipolar disorder. He was then under the care of Defendants Bachman, Sullivan, and MHM, all of whom were responsible for providing mental health treatment and services. At that time, Cullinan conveyed his concern regarding his impulsive self-destructive behavior. He requested either an "eye ball watch" or admission to a psychiatric hospital (Bridgewater State Hospital), but his requests were denied on several occasions, despite his depression and self-denial of food or water for four consecutive days. Cullinan asserts that these Defendants failed to act despite the indications that he was at severe risk of harm. He also alleges the Defendants falsely reported assessment responses and discontinued his mood-stabilizing medication without any supervised transition. As a result, on October 8, 2009, Cullinan alleges he was allowed to have a weapon (*i.e.*, he was furnished with a razor blade), and he made a suicide attempt. He was rushed to a hospital and received 60 stitches to repair his arteries. Cullinan made another suicide attempt in December, 2009, and in June 2010, he bit a large hole in his forearm. On March 5, 2011, he again attempted

suicide by hanging himself in his cell.  Cullinan also asserts that he has been taken off his psychiatric and pain medications in retaliation for his filing the lawsuit before Chief Judge Wolf (C.A. 11-10357-MLW).

Cullinan asserts Eighth and Fourteenth Amendment violations by the Defendants; he alleges deliberate indifference to a serious medical/mental health need, in that the Defendants failed to provide him with qualified mental health treaters.  He alleges the mental health treaters did not have professional licenses, qualifications or credentials, and challenges the hiring, training, and supervising of those treaters as ill-equipped to take precautions to prevent suicide.

Additionally, Cullinan asserts violations of the Massachusetts Declaration of Rights, conspiracy to violate civil rights, RICO violations, and violations of the Americans With Disabilities Act and the Rehabilitation Act.  He contends that he is a qualified person with a disability (Bipolar disorder) and that he was discriminated against by the failure to make reasonable accommodations (*i.e.*, an "eye-ball watch" and the removal of all dangerous objects (razors) from his possession).

As relief, Cullinan seeks declaratory relief and monetary damages against each Defendant.

Accompanying his Complaint, Cullinan filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) and a Motion for Appointment of Counsel (Docket No. 3).

DISCUSSION

I.  The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Cullinan's financial disclosures in his affidavit and his prison account statement, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u> and the filing fee is assessed as follows:

1.  Plaintiff Cullinan is assessed an initial partial filing fee of <u>$25.08</u>, pursuant to 28 U.S.C. § 1915(b)(1)(B)[3]; and

2.  The remainder of the fee $324.92 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in any other civil action filed by Cullinan; however, for purposes of clarification for crediting any funds received, and to facilitate proper record-keeping by the Treasurer's Office at SBCC and by the Clerk's Office Accounting Department, this Court intends that any funds received from Cullinan's prison account first be applied to any prior Order of a Court assessing a filing

---

[3]This assessment was based on a manual calculation of 20% of the average monthly deposits over a roughly six-month period based on the prison account information submitted by Cullinan covering the roughly six-month period preceding the filing of the Complaint. This assessment is without prejudice to Cullinan seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b).  Further, the initial partial filing fee is assessed notwithstanding that Cullinan currently may not have sufficient funds in his prison account to pay it; the *in forma pauperis* statute provides the court "shall assess, and, when funds exist, collect...."  28 U.S.C. § 1915(b)(1).

fee pursuant to 28 U.S.C. § 1915.[4]

II. The Motion for Appointment of *Pro Bono* Counsel

Cullinan seeks the appointment of *pro bono* counsel, alleging that this case is complex, and that he has limited resources and funds. He also claims his mental and physical health prevents him from prosecuting this action *pro se*, and that he is constantly placed in punitive segregation, where his property is destroyed. Cullinan also points to his constant conflicts with the prison administration and corrections officers, and anticipates that he will be retaliated against and thus unable to meet deadlines or retain his legal mail or paperwork. Further, he claims he is under a heavy workload in litigating other court cases. Finally, he asserts he has attempted to obtain counsel but has been unable to do so, and he lacks the legal skills to pursue this action on his own.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[5] However, a civil plaintiff lacks a

---

[4]In other words, Cullinan's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court. See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001). See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001)(reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

[7]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any

5

constitutional right to free counsel. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>Id.</u> To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. <u>Id.</u> at 24.

Here, the fact that Chief Judge Wolf granted Cullinan's request for appointment of *pro bono* counsel in connection with his other civil case (asserting claims of deliberate indifference to a serious medical need based on the refusal to provide him with prescribed pain medication) is not dispositive of the issue. The same exigency and safety concerns in the case before Chief Judge Wolf do not exist here; Cullinan's claims in this action relate to past alleged wrongs, for which declaratory relief and monetary damages are sought, rather than injunctive relief. Nevertheless, this Court has made inquiry of *pro bono* counsel appointed by Chief Judge Wolf (Michael P. Maloney, Esq.), and he has indicated that he is willing to accept a *pro bono* appointment

---

appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *Cf*. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

in this case as well.  Under these circumstances, and given Cullinan's asserted medical, mental health, and other issues, this Court finds that appointment of Attorney Maloney to represent Cullinan in this action is warranted.

Accordingly, Cullinan's Motion for Appointment of Counsel (Docket No. 30 is <u>ALLOWED</u> to the extent that Attorney Michael P. Maloney shall be appointed as *pro bono* counsel in this action.

III. <u>Order For *Pro Bono* Counsel to File an Amended Complaint</u>

Upon a preliminary screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court finds that it does not fully comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  In light of this, and in light of the appointment of *pro bono* counsel, it is hereby Ordered that within 60 days from the date of this Memorandum and Order, *pro bono* counsel shall file an Amended Complaint on behalf of Cullinan.  At that time, *pro bono* counsel may request the issuance of summonses for service of process by the United States Marshal Service unless a waiver of service is obtained or issuance is otherwise unnecessary.

Because Cullinan is proceeding *in forma pauperis*, the United States Marshal Service is directed to effect service of process on the Defendants as directed by *pro bono* counsel, and to advance the costs of service.

IV. <u>Cullinan May Not File Further Pleadings *Pro Se*</u>

In view of the appointment of *pro bono* counsel, and in order

7

to ensure proper case management of this action, this court will PROHIBIT Cullinan from filing any further *pro se* motions. All pleadings must be submitted through *pro bono* counsel, unless Cullinan either: (1) moves to have *pro bono* counsel withdraw in this action and for permission to proceed with this case *pro se,* or (2) files a motion for leave to file a *pro se* pleading, upon good cause shown.[6]

CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is ALLOWED to the extent that Attorney Michael P. Maloney shall be appointed as *pro bono* counsel;

3. Within 60 days of the date of this Memorandum and Order, *pro bono* counsel shall file an Amended Complaint, and may request the issuance of summonses if necessary;

4. The United States Marshal Service shall effect service of process on the Defendants as directed by *pro bono* counsel, and shall advance the costs of service; and

---

If Cullinan files a motion for leave to file a *pro se* pleading, he must show good cause why his pleading could not be filed through his court-appointed attorney; however, Cullinan is not required to provide any information that would infringe upon the attorney-client privilege. See Edelkind v. United States, No. 08-2412 (1st Cir. 2009)(Judgment, Jul. 31, 2009) (Civil Action No. 07-11709-MEL (Docket No. 82))(rejecting § 2255 petitioner's challenge to a similar restriction on *pro se* filings, stating: "[h]aving appointed counsel and set reasonable limits on pro se interjections, [the district court] did not deny petitioner the right of access to the court.").

5.  Plaintiff is <u>PROHIBITED</u> from filing any further *pro se* pleadings unless he moves to have *pro bono* counsel withdraw in this action and to proceed *pro se*, or files a motion for leave to file a *pro se* pleading, upon good cause shown.


SO ORDERED.

>  <u>/s/ Joseph L. Tauro</u>
>  JOSEPH L. TAURO
>  UNITED STATES DISTRICT JUDGE

DATED: April 14, 2011