```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

JOHN P. CULLINAN,                )
           Plaintiff,            )
                                 )
     v.                          )   CIVIL ACTION NO. 11-10593-JLT
                                 )
MENTAL HEALTH MANAGEMENT         )
CORRECTIONAL SERVICES, INC.,     )
           Defendants.           )


                     MEMORANDUM AND ORDER
TAURO, D.J.

    On April 4, 2011, Plaintiff John P. Cullinan ("Cullinan"), a prisoner in custody at the Souza Baranowski Correctional Center ("SBCC") filed a self-prepared civil rights Complaint under, *inter alia*, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and Title II of the Americans With Disabilities Act ("ADA"). He asserts claims against numerous prison medical staff, prison officials, and others with respect to his past mental health care.[1]  He alleged that he suffers from a serious mental illness and, as a result of the lack of adequate mental health care, he attempted suicide and injured himself in the process.  Cullinan also asserted that he has been taken off his psychiatric and pain medications in retaliation for his filing a lawsuit before Chief

---

[1] The Defendants included: (1) Mental Health Management Correctional Services, Inc. ("MHM"); (2) George Johns, Regional Vice President; (3) CEO Nancy Dizio; (4) Unknown Director of Clinical Programs; (5) Charlotte Sullivan, social worker; (6) Linda Bachman, Nurse Practitioner; (7) UMass Correctional Health Services ("UMCH"); (8) Unknown Director of Health Services; (9) Harold W. Clarke, former Commissioner of Corrections; and (10) James Saba, Deputy Superintendent of North Central Correctional Institution ("NCCI Gardner").

Judge Wolf (C.A. 11-10357-MLW).

On April 14, 2011, this Court appointed *pro bono* counsel for Cullinan; however, *pro bono* counsel later sought to withdraw from this action and this Court granted his motion to withdraw on November 21, 2011.  <u>See</u> Docket No. 29.  Since that time, this action essentially has been at a standstill because no new *pro bono* counsel could be located to represent Cullinan in this action, despite an extensive search by the Court's *Pro Bono* Coordinators.  Nevertheless, on April 9, 2012, this Court denied Cullinan's Motion to Stay the case until new *pro bono* counsel was appointed, and on September 6, 2012, the Defendant UMCH filed a Motion to Dismiss (Docket No. 21), which remains pending at this time.

Thereafter, on May 17, 2012, Cullinan filed a Motion for Leave to Amend the Complaint for Emergency Preliminary Injunction and Supplemental Complaint Purposes (Docket No. 30), along with a Motion for Preliminary Injunction (Docket No. 31) in which he seeks an Order for the administration of a combination of medications and a transfer to another prison.

On May 31, 2012, UMCH filed an Opposition to Cullinan's Motion for a Preliminary Injunction on Eleventh Amendment grounds.  UMCH contends that to the extent there are any claims asserted against it, the claims must be dismissed because UMCH is immune from suit based on sovereign immunity.  Further, UMCH claims it is no longer the mental health care provider for the Department of Correction.  Thus, it is not in a position to

provide Cullinan with the requested medication.  It is also not within the purview of UMCH to transfer Cullinan to another prison facility.  Finally, UMCH asserts that Cullinan's medical records reflect that he has been provided appropriate medical care.  The Opposition outlines the handling of each of Cullinan's 10 sick slips to UMCH from 2011 to the present day.

DISCUSSION

I.  UMCH's Motion to Dismiss

UMCH asserts it is an agency of the Commonwealth of Massachusetts and therefore is immune from suit in federal court. No Opposition has been filed to this motion despite the fact that this Court denied Cullinan's request for a Stay on April 9, 2012. In any event, the Court finds the motion to be well-grounded with respect to Cullinan's claims asserted under 42 U.S.C. § 1983 for the reasons set forth in the Memorandum in Support (Docket No. 22).  Nevertheless, UMCH fails to address the immunity issue as it relates to Cullinan's claims under the Rehabilitation Act and the ADA.[2]  Congress has abrogated sovereign immunity for Rehabilitation Act claims.  See Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006)("The Commonwealth defendants do not have Eleventh Amendment immunity against the federal IDEA and Rehabilitation Act claims, because they waived such immunity by accepting federal funds."); Nieves-Marquez v. Puerto Rico, 353

---

UMCH also fails to address the immunity issue with respect to Cullinan's other state and federal claims.

3

F.3d 108, 128 (1st Cir. 2003);

Further, Cullinan alleges a Title II violation of the ADA. UMCH fails to demonstrate that sovereign immunity applies to his Title II ADA claims, under the standards set forth in Buchanan v. Maine, 469 F.3d 158 (1st Cir. 2006)(setting forth the protocol for deciding Eleventh Amendment Issues) citing, *inter alia*, United States v. Georgia, 546 U.S. 151 (2006). See Georgia, 546 U.S. at 159 ("{I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."); Marquez-Ramos v. Puerto Rico, 2012 WL 1414302, *3 (D. Puerto Rico Apr. 2, 2012).

Although there may be material pleading deficiencies in Cullinan's Complaint in connection with those claims, which deficiencies may be a basis for a Rule 12(b)(6) motion, at this juncture the Court cannot find that sovereign immunity on those claims has been demonstrated sufficiently for relief pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the grounds for dismissal asserted by UMCH in its Motion to Dismiss).

Accordingly, UMCH's Motion to Dismiss (Docket No. 21) is ALLOWED as to all claims asserted under 42 U.S.C. § 1983, but otherwise DENIED without prejudice.

II. Vacation of the Appointment for *Pro Bono* Counsel

As noted above, *pro bono* counsel was permitted to withdraw from this action. Initially, counsel had been appointed in

connection with Cullinan's case before Chief Judge Wolf and he agreed to a *pro bono* appointment in this action as well. Early on, however, counsel did not feel qualified to continue the representation of Cullinan and therefore was permitted by this Court to withdraw. Since that time, the *Pro Bono* Coordinators have made diligent efforts to obtain successor *pro bono* counsel, all to no avail. At this juncture, it would be a waste of Court resources to continue the hunt for *pro bono* counsel for Cullinan. Accordingly, the prior Order granting *pro bono* counsel for Cullinan is <u>VACATED</u>. Cullinan must continue this action *pro se* or obtain counsel on his own.[3]

III. <u>The Motion to Amend/Supplement the Complaint</u>

Cullinan's *pro se* Motion to Amend the Complaint (Docket No. 30) seeks to add supplemental claims against Defendant Robert Benjamin Diener (the Chief Psychiatrist of MHM), Charles Carol (an MHM employee at Bridgewater State Hospital), and Johanna Shaw (Cullinan's psychiatrist). Cullinan's claims stem from his conditions of confinement as they relate to his mental health

---

The Court does not consider that this would cause an undue hardship on Cullinan such that he would be denied fundamental due process. Indeed, he has already filed *pro se* motions seeking to prosecute additional claims. Although not skilled in the law, and although he suffers from mental illness, his pleadings are fairly organized and comprehensive, indicating a proficiency of the English language as well as some familiarity with legal concepts and proceedings. As an additional matter, the Court is aware that Cullinan has acted as a prison lawyer for another co-inmate (alleging to have drafted the Complaint during a lucid period). <u>See</u> Docket No. 3 in <u>Pagan v. Massachusetts Department of Correction</u>, Civil Action No. 12-10921-JGD.

5

treatment by employees of the Department of Correction's contractual mental health care provider, MHM. He claims that the Defendants have been deliberately indifferent to his serious mental health needs, and that the Defendants have failed to make reasonable accommodations for his known disabilities. Cullinan seeks to add these Defendants because he is requesting emergency preliminary injunctive relief. He expresses his frustration with the lack of mental health care through prescription medications, and threatens that he "cannot and will not go on like this." He also threatens that he will kill himself if he does not receive treatment.

He seeks, *inter alia*, an Order for 2700 mg of Neurontin daily, as well as 450mg of Welbutron daily, contending that this is the only known combination of medications to ever be successful for him.

Although Cullinan claims to have repeatedly put in "sick slips" and filed mental health and medical grievances, he has not demonstrated that he has completely exhausted his administrative prison remedies with respect to claims against these Defendants. The exhaustion of administrative remedies is mandatory and applies to any suit challenging prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006); a court cannot consider an unexhausted claim. Jones v. Bock, 549 U.S. 199, 219-20 (2007). The exhaustion requirement is not merely *pro forma*; it serves two important purposes. It protects administrative agency authority

and promotes judicial efficiency by providing the Defendant(s) an opportunity to resolve the dispute without the need for court intervention.[4]

Next, this Court recognizes that the exhaustion requirement under the Prison Litigation Reform Act ("PLRA") is an affirmative defense, requiring a defendant to bear the burden of proving a prisoner's failure to exhaust administrative remedies. Jones, 549 U.S. at 216. Nevertheless, this District Court previously has held that when a prisoner states in his pleadings that he has not exhausted his administrative remedies, a dismissal *sua sponte* for failure to exhaust is appropriate. See, e.g., Alexander v. University of Massachusetts Medical School, et al., Civil Action No. 09-10776-JLT (Memorandum and Order, Docket No. 64); Williams v. Massachusetts, Civil Action No. 08-40016-WGY, at 8-9 (D. Mass. 2008)(citing Jones, 549 U.S. at 215 and stating that: "[a]lthough a prisoner is not affirmatively required to plead exhaustion to avoid dismissal upon a preliminary screening, if a prisoner's failure to exhaust appears upon the face of the complaint, the plaintiff has failed to state a claim upon which relief may be granted."). See also United States v. Del Toro-Alejandre, 489

---

It is well settled that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). It is clear that Cullinan's civil action presents challenges directly to his medical/mental health care while imprisoned, and thus is a challenge about prison life falling within the purview of the exhaustion doctrine.

F.3d 721, 723 (5th Cir. 2007)("[T]he usual PLRA practice would permit a district court to dismiss *sua sponte* a prisoner's complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of [her] complaint."). This rationale is applicable here, where Cullinan has raised the exhaustion issue in the body of his proposed Amended/Supplemental Complaint. Although he appears to have taken some steps toward exhaustion, his submission of sick call slips and filing of grievances does not indicate that he "properly exhausted" his prison remedies as to these purported additional Defendants, as required under 42 U.S.C. § 1997e(e).

For these reasons, Cullinan's Motion to Amend the Complaint (Docket No. 30) to add additional Defendants is <u>DENIED</u> based on futility, because it appears the claims against these Defendants would be subject to dismissal for failure to exhaust administrative remedies. This is without prejudice to seek leave to amend his Complaint at a later time after a responsive pleading has been filed by the Defendants named in this action (other than UMCH), and after exhaustion of administrative remedies.

IV. <u>Cullinan's Motion for Preliminary Injunction</u>

In his preliminary injunction motion, Cullinan claims retaliation and tampering with his medications. He further claims he has been beaten by guards and that his requests for medical care have been ignored. He asserts he cannot stand long

8

periods in lock-in time and has been given tickets in order to keep him locked in. He claims that he will "definitely kill himself rather than be tortured anymore." Motion (Docket No. 31 at 10). He seeks a transfer from SBCC as well as an injunction for the restoration of medications he previously was prescribed which he claims worked for him.

To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993)(extending four part preliminary injunction test to temporary restraining orders). Likelihood of success on the merits is the critical element of the four-factor framework. Weaver, 984 F.2d at 12.

Here, Cullinan's Motion for Preliminary Injunction cannot be granted at this juncture because a preliminary injunction may not be issued without notice to the adverse parties, and the motion does not appear to have been served by Cullinan on the Defendants. See Fed. R. Civ. P. 65(a)(1).

Next, Cullinan's Motion for a Preliminary Injunction must be denied because, as noted above, he has failed to exhaust his prison remedies or demonstrate that he is unable to do so because the prison staff have thwarted his attempts to exhaust properly. In view of the failure to exhaust remedies, this Court cannot find that the harm to the Defendants is outweighed by the harm to Cullinan.

More importantly, however, although Cullinan presents troubling allegations concerning his mental health treatment, at this juncture this Court cannot find that he has demonstrated a likelihood of success on the merits. On this record, a dispute over the proper medical and/or mental health care for him is presented. Indeed, UMCH has submitted evidence that Cullinan's sick slips in the past year have been addressed. See Opposition (Docket No. 32 at 5-6 and Attachment A, Docket No. 32-1).

In short, Cullinan's claims cannot be resolved on an *ex parte* emergency basis at this time.[5] Rather, a response from the

---

To the extent Cullinan seeks an *ex parte* order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b). The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders. Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria). A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b). Further, the party's attorney (or the party himself, if proceeding *pro se* as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Id. Here, Cullinan has failed to certify his efforts

Defendants is necessary for this Court to gauge the merits adequately with respect to the propriety of granting preliminary injunctive relief.

Accordingly, Cullinan's Motion for Preliminary Injunction (Docket No. 31) is <u>DENIED</u> without prejudice. Notwithstanding this ruling, insofar as Cullinan alleges retaliation for filing the civil action before Chief Judge Wolf, a copy of this Memorandum and Order shall be provided (by mail or e-mail) to Cullinan's *pro bono* attorneys in connection with that action, <u>Cullinan v. UMass. Medical School, et al.</u>, Civil Action No. 11-10357-MLW.

Should Cullinan wish to proceed *pro se* in this action, he must effect service of process on the Defendants. The United States Marshal Service shall effect service as directed by Cullinan, and shall advance the costs of service.

The Clerk shall issue summonses as to MHM, George Johns, CEO Nancy Dizio, Charlotte Sullivan, Linda Bachman, Harold W. Clarke, and James Saba. No summonses need issue as to UMCH and the Unknown Director of Health Services (until the identity of this Defendant is discovered).

Cullinan shall have 120 days to complete service after issuance of the summonses. Failure to comply with the directives contained herein may result in a dismissal in whole or part of

---

to give notice to the Defendants, and fails to meet the four-factor test noted above.

this action.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Defendant UCHM's Motion to Dismiss (Docket No. 21) is <u>ALLOWED</u> as to claims asserted under 42 U.S.C. § 1983 but otherwise <u>DENIED</u> without prejudice;

2.  Plaintiff's Motion to Amend Complaint (Docket No. 30) is <u>DENIED</u> without prejudice; the original Complaint (Docket No. 1) remains the operative pleading in this action;

3.  The Order for Appointment of *Pro Bono* Counsel is <u>VACATED</u>; Plaintiff must continue to prosecute this action *pro se*;

4.  Plaintiff's Motion for a Preliminary Injunction (Docket No. 31) is <u>DENIED</u>;

5.  Summonses shall re-issue for Plaintiff to effect Service of Process on the remaining Defendants. The United States Marshal Service shall effect service of process as directed by Plaintiff and shall advance the costs of service; and

6.  Plaintiff must file proof of service within 120 days from the date of the issuance of summonses or this action may be dismissed.

SO ORDERED.

    /s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: June 11, 2012